IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CONNEXUS CREDIT UNION,

                                         FINDINGS OF FACT,
                                         CONCLUSIONS OF

                 Plaintiff,                    LAW AND JUDGMENT

       v.

STEVEN M. SIRIANNI, JANIS                   11-cv-540-bbc
SIRIANNI, UNITED STATES
OF AMERICA, UNITED STATES
SECURITIES AND EXCHANGE
COMMISSION, STATE OF WISCONSIN
DEPARTMENT OF REVENUE, HESS,
DEXTER, REINERTSON & BRUNNER, S.C.
JAMES N. LIGHT, MARSHFIELD CLINIC,
STUPAR, SCHUSTER & COOPER and
CAPITAL ONE BANK USA,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    1.    This is a real estate foreclosure under Wis. Stat. § 846 brought by plaintiff

against defendants, Steven M. Sirianni and Janis M. Sirianni, for default on their loan

obligations made to plaintiff. *Complaint, ¶ 15.*

    2.    On July 7, 2011, plaintiff filed a summons and complaint in Marathon County,

1

Case Number 11-CV-878.

3.     On August 8, 2011, the U.S. Securities and Exchange Commission ("SEC") filed a Notice of Removal to the United States District Court for the Western District of Wisconsin. Venue in this case is proper pursuant to 28 U.S.C. §§ 1444,1446, and 2410. *Notice of Removal, ¶ 5.*

4.     Defendant Steven M. Sirianni a/k/a Stephen M. Sirianni ("Steven Siranni") is an adult resident of the State of the State of Wisconsin with a last known address of 1404 Bluebird Lane, Wausau, Wisconsin, 54401. *Complaint, ¶ 2.*

5.     Defendant Janis M. Sirianni ("Janis Sirianni") is an adult resident of the state of Wisconsin with a last known address of 1404 Bluebird Lane, Wausau, Wisconsin, 54401. *Complaint, ¶ 3.*

6.     Defendant United States of America ("USA") is a judgment creditor. The USA's agent for service of process is the U.S. Attorney General, whose principal offices are located at 660 W. Washington Avenue, #303, Madison, WI 53703. *Complaint, ¶ 4.*

7.     Defendant United States Securities and Exchange Commission ("USA SEC") is a judgment creditor. The USA SEC's address for service of process is 100 F. Street, NE, Mail Stop 6030, Washington, DC 20549-4010. *USA SEC's Answer, dkt. #3, ¶ 5.*

8.     Defendant Stupar, Schuster & Cooper ("SSC") is a judgment creditor with a business address of 633 West Wisconsin Avenue, Milwaukee, WI 53203. *Complaint, ¶ 6.*

9.      On September 1, 2011, plaintiff executed a motion for entry of default against SSC for failure to answer the plaintiffs complaint. *Attorney Ashley Hawley Affidavit, filed Sept. 1, 2011, ¶ 7.*

10.     On September 6, 2011, Peter Oppeneer, Clerk of Court for the Western District of Wisconsin entered default against SSC. *Entry of Default, filed September 6, 2011.*

11.     Defendant State of Wisconsin Department of Revenue ("WDOR") is a judgment creditor. The WDOR's agent for service of process is Wisconsin Attorney General, whose principal offices are located at Risser Justice Center, 17 West Main Street, Madison, WI 53703. *Complaint, ¶ 7.*

12.     Defendant Hess, Dexter, Reinertson & Brunner, S.C. ("HDRB"), is a judgment creditor with a business address of 605 Scott Street, Wausau, WI 54403. *Complaint, ¶ 8.*

13.     Capital One Bank USA ("Capital"), is a judgment creditor with a business address of 140 East Shore Drive 12017-0380, Glen Allen, VA 23059. *Complaint, ¶ 9.*

14.     On September 1, 2011, plaintiff executed a motion for entry of default against Capital for failure to answer the plaintiff's complaint. *Attorney Ashley Hawley Affidavit, filed Sept. 1, 2011, ¶ 7.*

15.     On September 6, 2011, Peter Oppeneer, Clerk of Court for the Western District of Wisconsin entered default against Capital. *Entry of Default, filed September 6, 2011.*

16.     Spinalaid is a judgment creditor with a business address of 3510 West Stewart

3

Avenue, Wausau, WI 54401. *Complaint, ¶ 10.*

17.     On July 27, 2011, plaintiff filed a motion and order for dismissal as to defendant Spinalaid as Spinalaid filed a satisfaction of judgment on the real estate which is the subject of this action. *Motion and Order for Dismissal, July 27, 2011.*

18.     On August 1,2011, Honorable Judge Michael K. Moran signed the order thereby dismissing defendant Spinalaid. *Order for Dismissal as to Spinalaid Only, August 1, 2011.*

19.     James N. Light ("Light"), is a judgment creditor with a last known address of 2002 McCaw Avenue, Wausau, WI 54401. *Complaint, ¶ 11.*

20.     Marshfield Clinic ("Clinic"), is a judgment creditor with a business address of 1000 North Oak Avenue, Marshfield, WI 54449. *Complaint, ¶ 12.*

21.     Defendants Steven M. Sirianni and Janis M. Sirianni, were personally served with a copy of the summons and complaint on July 8, 2011. *Affidavit of Service by Lionel Woodward, filed July 22,2011.*

22.     The notice of Lis Pendens for property located in Marathon County, Wisconsin was filed in the office of the Register of Deeds in and for Marathon County, Wisconsin on the July 21, 2011.

23.     Defendants Steven M. Sirianni and Janis M. Sirianni are not in the military service or under guardianship. *Affidavit of Nonmilitary Service, by Attorney Ashley L. Hawley, filed*

4

*July 22, 2011.*

24.     On July 28, 2011, defendant Steven Sirianni filed an answer to the summons and complaint in which he does not contest the obligations or amount due as plead in the complaint. *Answer by Steven Sirianni, July 28, 2011.*

25.     Defendant Janis M. Sirianni has not filed an answer to the complaint, and a motion for entry of default is pending with the court.

26.     On July 27, 2011, defendant HDRB filed a claim for any surplus funds that result following a sale of the foreclosed premises. *Defendant Hess, Dexter, Reinertson, & Brunner S.C. 's Claim to Surplus Monies, July 27, 2011.*

27.     On July 28, 2011, defendant WDOR filed a claim for any surplus funds that result following a sale of the foreclosed premises. *Notice of Appearance and Claim to Surplus Funds, State of Wisconsin (Department of Revenue), July 28, 2011.*

28.     On July 28, 2011, defendant Light filed a claim for any surplus funds that result following a sale of the foreclosed premises. *Answer, James N. Light, July 28, 2011.*

29.     On July 28, 2011, defendant USA SEC filed an answer to the complaint in which they do not dispute the allegations as set forth in the plaintiff's complaint, and request that the property be sold with the proceeds being allocated to the mortgage holders and lien holders of record. *Answer to Complaint, United States Securities and Exchange Commission, July 28, 2011.*

5

30.     On August 15, 2011, defendant USA filed an answer to the complaint in which they do not dispute the allegations as set forth in the plaintiff's complaint, and request that the property be sold with the proceeds being allocated to the mortgage holders and lien holders of record. *Answer, Internal Revenue Service, July 28, 2011.*

31.     No proceedings have been had at law or otherwise for the recovery of the sums owed under the Notes (as defined in the complaint and attached thereto as Exhibit A and Exhibit B) and secured by the mortgages which are the subject of this matter. *Affidavit of Daryl Gessler, filed September 23, 2011, ¶ 10.*

32.     The Notes have been accelerated and became fully due and payable. Defendants Steven M. Sirianni and Janis M. Sirianni have failed to repay said Notes in accordance with their terms. All outstanding principal, accrued interest and late fees are due and payable. *Affidavit of Daryl Gessler, September 23, 2011, ¶ 8.*

33.     There is presently due and owing the plaintiff upon the Notes, as of September 23, 2010, the following:

Exhibit A Note:

| | |
|---|---|
| Principal: | $94,635.70 |
| Interest as of September 23, 2011: | $ 3,301.17 |
| Late Charges: | $   436.20 |
| Total | $98,373.07 |

Exhibit B Note:

| | |
|---|---|
| Principal: | $54,999.03 |
| Interest as of September 23, 2011: | $ 1,603.95 |
| Late Charges: | $    120.00 |
| | |
| Total | $56,722.98 |

*Affidavit of Daryl Gessler, September 23, 2011, ¶ 9.*

34.    To further secure the Notes, defendants Steven M. Sirianni and Janis M.

Sirianni executed the mortgages (as defined in the complaint, and attached thereto as Exhibit

C and Exhibit D), whereby a security interest on the real property as described in the

mortgages was given by the defendants Steven M. Sirianni and Janis M. Sirianni as collateral.

*Affidavit of Daryl Gessler, September 23, 2011,  ¶ 4.*

35.    That said real estate in Marathon County (the "Mortgaged Premises") which

is subject to the mortgage is described as follows:

<u>Mortgaged Premises:</u>
Lot nine (9) of the Replat of Part of Hirsch's Pine shore Addition, in the Town of
Rib Mountain, Marathon County, Wisconsin; excepting all flowage and riparian
rights.

Formerly described as:

Lots two (2) and three (3) in Block Five (5) of Hirsch's Pine shore Addition, in the
Town of Rib Mountain, Marathon County, Wisconsin; excepting the Westerly
twenty (20) feet of Lot two (2); and excepting all flowage and riparian rights.
Tax Key: 34.413.0.9
PIN: 37-068-4-2807-034-0115
Address: 1404 Bluebird Land, Wausau, Wisconsin 54401.

*Complaint, ¶ 20.*

36.   That the Mortgaged Premises consists of the homestead of defendants Steven

M. Sirianni and Janis M. Sirianni. *Affidavit of Daryl Gessler, September 23, 2011, ¶ 11.*

37.   That the plaintiff has elected to waive deficiency judgment against the

defendants. *Affidavit of Daryl Gessler, September 23, 2011, ¶ 12.*

38.   Plaintiff's motion for judgment on the pleadings, dkt. #16, is granted as

unopposed.

### CONCLUSIONS OF LAW AND JUDGMENT

1.   That the plaintiff is entitled to recover from the defendants on the Notes the

following (the "Judgment Amount"):

Exhibit A Note:
| | |
|---|---|
| Principal: | $94,635.70 |
| Interest as of September 23,2011: | $ 3,301.17 |
| Late Charges: | $    436.20 |
| | |
| Total | $98,373.07 |

Exhibit B Note:
| | |
|---|---|
| Principal: | $54,999.03 |
| Interest as of September 23, 2011: | $ 1,603.95 |
| Late Charges: | $    120.00 |
| | |
| Total | $56,722.98 |

8

| | |
|---|---|
| Attorney Fees: | $3,825.00 |
| Costs of Collection | $  889.02 |
| Total | $4,714.02 |

2.      Plaintiff is entitled to recover from defendants, the total sum of $159,810.07,

$149,634.73 principal, together with the sum of $4,905.12 interest, with the further sum of

$556.20 late charges, with the further sum of $889.02 disbursements in this action and the

sum of $3,825.00 attorney fees.

3.      Plaintiff is entitled to and hereby granted a judgment of foreclosure and sale

against defendants Steven M. Sirianni and Janis M. Sirianni for the judgment amount under

the second claim against the mortgaged premises (as legally described in Paragraph 35 of the

Findings of Fact above).

4.      The mortgaged premises shall, unless sooner redeemed as provided by law, be

sold at public auction in the County of Marathon, Wisconsin, by the sheriff for the County

of Marathon, at any time after six (6) months from the date of entry of judgment, for the

amounts due plaintiff, which shall be subject to any outstanding real estate taxes,

assessments, or any other legal encumbrances.

5.      All sums hereafter advanced by the plaintiff for insurance, necessary repairs and

taxes for the mortgaged premises not included in the judgment may be added to the judgment

upon notice and further order of the court; that accrued interest from September 23, 2011,

9

to the date of entry of judgment be added to the judgment any time after the entry hereof, upon notice and further order of the court.

6. After deducting sheriff's fees and expenses of sale of the mortgaged premises, the proceeds of sale shall first be applied to the amounts due plaintiff, as hereinabove specified, together with interest, as provided by law, and that the surplus, if any, shall be subject to the further order of this court.

7. After the sheriff s sale of the mortgaged premises, the sheriff shall make due report thereof to the court, and the purchaser be let into possession of the premises on production of the sheriff s deed, or a certified copy thereof, and all parties to this action, or other persons securing possession after the date of the Lis Pendens, shall deliver possession to said purchaser, and on application the United States District Court for the Western District shall issue a Writ of Assistance to deliver such possession.

8. The mortgage lien held by plaintiff is paramount and superior to the right, title, lien and interest of each of the defendants.

9. Plaintiff is not seeking a deficiency judgment. Accordingly, the period for redemption is hereby established to be six (6) months from the date of entry of the judgment pursuant to Wis. Stats. § 846.102 and plaintiff may proceed with notice of sale and publication of sale as required by law under 28 U.S.C. § 2002; that the sale of the mortgaged premises shall be made upon expiration of six (6) months from the date of entry

10

of judgment, and that the judgment of foreclosure be entered and sale of said mortgaged premises may proceed.

10.   That the defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon the mortgaged premises and from doing any other act that may impair the value of the same, unless meanwhile the mortgaged premises shall have been duly redeemed as provided by law.

11.   That plaintiff may be allowed to further amend its summons and complaint at anytime hereafter, without seeking leave of court, to add parties pursuant to Wisconsin Stat. §846.09, and that this Judgment of Foreclosure may be amended to foreclosure and extinguish any and all right, title and interest of said parties in and to the mortgaged premises that are the subject of this Judgment of Foreclosure, and such amendment may occur at time of confirmation of the sheriff's sale in this matter.

Entered this 12th day of January, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

Entered this 13th day of January, 2012

Peter Oppeneer, Clerk of Court
11